IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE WASHINGTON individually and on behalf of all others similarly situated , <br><br> Plaintiff, <br><br> vs. <br><br> L & M ACCOUNTS, INC. <br><br> Defendant. | Case No. 15-cv-3923 <br><br><br><br> Jury Demanded |

## COMPLAINT

Plaintiff, Jamie Washington individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Jamie Washington ("Plaintiff") is a resident of the state of Illinois whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted

Von Maur consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant L&M Accounts Inc. ("L&M") is an Illinois Corporation. Its registered agent is Larry A. Vanert, whose office is located at 4003 36th Avenue Ct. Moline, Illinois 61265. It does or transacts business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant L&M is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant L&M is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTS

7. Plaintiff incurred a debt for services used for personal purposes, originally for a Von Maur consumer credit account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. The alleged debt was subsequently assigned or otherwise transferred to L&M for collection.

10. On or about May 19, 2014 L&M, mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

11. The Letter conveyed information regarding the alleged debt, including the identity of the original creditor and a balance on the alleged debt.

12. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter from Defendant was a form letter.

14. The collection letter stated in relevant part, "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

15. L&M was not authorized to add "late charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

16. L&M was not authorized to, and in fact did not, add "other charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

17. In fact, the amount of the alleged debt sought from Plaintiff by L&M has not varied at all since the maximum delinquency of $472 was communicated to TransUnion by the original creditor on or about October 1, 2011, more than *three years* prior to Plaintiff's letter. (Exhibit C, Excerpt from TransUnion Credit Report showing original creditor tradeline).

18. As a standard practice, the original creditor, Von Maur, waives interest, late charges, and other charges on credit card debts after charge-off.

19. On information and belief, Von Maur waived interest on Plaintiff's alleged debt.

20. It is the policy and practice of Von Maur to not charge interest on credit card debts after charge-off.

21. On information and belief, Von Maur did not charge interest on Plaintiff alleged debt after charge-off.

22. On information and belief, Von Maur informed L&M that finance charges were not accruing on the collection account.

23. In fact, L&M was not authorized to add any interest, late charges, or other charges to Plaintiff's account, as the original creditor waived its right to do so.

24. A threat of imposition of "interest, late charges and other charges" would lead an unsophisticated consumer to believe that those charges may be added to the alleged debt if payment were not made as demanded. Threating the potential of additional charges is an unfair means to collect because there is no legal possibility for those charges to be added.

25. Furthermore, 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2)(a) The False Representation of the character, amount, or legal status of any debt; or…**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

26. L&M misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

27. L&M threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened to add "interest, late charges, and other charges" to the alleged debt.

28. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

29. L&M used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threatened to collect interest, late charges and other charges.

30. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. (See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT-CLASS CLAIM

32. Plaintiff re-alleges paragraphs 1-31 as if set forth fully in this count.

33. L&M misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

34. L&M threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add "interest, late charges, and other charges" to the alleged debt.

35. L&M used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it threatened to collect interest, late charges and other charges.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## CLASS ALLEGATIONS

37. Plaintiff, Jamie Washington, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt, upon which Defendant sent a letter, falsely representing that interest, late charges and other charges may increase the amount allegedly due.

38. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

39. The Class consists of more than 35 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit B.

40. Plaintiff Washington's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

42. Plaintiff Washington will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Washington has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3);

C. And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: _/s/ Bryan Paul Thompson_
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com